# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. NATHANIEL MILLER, RESPONDENT, v. DE FOREST HULSE AND OTHERS, COMMISSIONERS OF HIGHWAYS OF THE TOWN OF BROOKHAVEN, APPELLANTS.

*Refusal of highway commissioners to have, what is claimed to be a public road, ascertained and recorded — an error in their decision cannot be reviewed by mandamus.*

APPEAL from an order made at Special Term, directing the issuance of an alternative writ of *mandamus* against the defendants, commanding them to proceed forthwith to ascertain, describe and record a certain highway in their town described in the papers in this proceeding.

The court at General Term said : " There is much confusion and contradiction in the papers contained in the appeal book, but in the view we take of the case we shall not be required to examine the facts.

" It appears that in March, 1884, a petition was signed by the taxpayers of Brookhaven, intended to request the commissioners of highways of that town to ascertain and record an old road which it was claimed existed therein. It also appears that in November, 1884, an order was made and signed by two of the commissioners refusing the application.

" It is now claimed on one part that this order was clandestinely made and filed, and on the other side that it was regularly signed as the result of due deliberation. Our view is that the writ of *mandamus* is not the proper remedy for the difficulty into which the proceedings have been plunged. The commissioners have taken action on the petition, and if such action has been erroneous the errors must be reached by a review of their proceedings.

" The commissioners of highways constitute the tribunal upon which the legislature has imposed the duty to cause such of the

roads used as highways for twenty years, but not recorded, to be ascertained, described and entered of record in the town clerk's office. In the performance of their duties under this law the commissioners must decide, first, whether the road brought to their consideration has been used as a public highway for twenty years, and it is beyond the competence of any court to dictate their decision. The Supreme Court, in the exercise of its supervisory power over all inferior tribunals, may command the commissioners to proceed in the discharge of their duty, and after they have taken their action their proceedings may be reviewed in some appropriate way, but orderly and regular administration of law requires no more."

*Wilmot M. Smith*, for the appellant.

*Strong & Spear*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., concurred.

PRATT, J.:

I do not think the commissioners "acted" upon the matter, and hence *mandamus* was an appropriate remedy to make them act as a board. I am for affirmance.

Order granting alternative *mandamus* reversed, with costs and disbursements, and motion denied, with costs.